**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| MISSISSIPPI MEDICAL PROFESSIONALS FOR INFORMED CONSENT, <br><br> -and- <br><br> INFORMED CONSENT ACTION NETWORK, <br><br>                            Plaintiffs, <br><br>     -against- <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br>                         Defendant. | Civil Action No.   1:25cv156 LG-RPM |

## COMPLAINT

Plaintiffs Mississippi Medical Professionals for Informed Consent ("**MMPFIC**") and Informed Consent Action Network ("**ICAN**", collectively "**Plaintiffs**") bring this action against defendant the United States Department of Health and Human Services ("**HHS**" or "**Defendant**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

1

## PARTIES

3.      Plaintiff MMPFIC is a not-for-profit organization formed and existing under the laws of the state of Mississippi, with its principal office located at 6646 Alii Place, Diamondhead, Mississippi 39525. Plaintiff is in good standing with the Mississippi Secretary of State.

4.      Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

5.      Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiffs seek access.

## STATEMENT OF FACTS

6.      On November 1, 2024, Plaintiffs sent a FOIA request to HHS seeking copies of the following records:

> The report submitted by CDC to the National Vaccine Advisory
> Committee ("NVAC") during the NVAC meeting that occurred on
> September 12-13, 2024.

(**Exhibit 1**.)

7.      Defendant HHS updated the status of Plaintiffs' FOIA request to received on November 1, 2024, and the request was assigned 2025-00461-FOIA-PHS. (**Exhibit 2**.)

8.      On November 4, 2024, HHS sent Plaintiffs its final determination letter, which stated in relevant part:

> The organizational components serviced by the Office of the
> Secretary FOIA Requester Service Center do not routinely collect
> or retain the type of records in which you express interest. Therefore,
> we are closing our file on this request.

(**Exhibit 3**.)

9.    Plaintiffs submitted its appeal to HHS's final determination on November 20, 2024, challenging HHS' adequacy of search. (**Exhibit 4**.)

10.    On December 6, 2024, the appeal was received and assigned 2025-00031-A-PHS. (**Exhibit 5**.)

11.    As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request as required under 5 U.S.C. § 552(a)(6)(A)(i); (ii) notify Plaintiffs of any such determination or the reasons therefor as required under § 552(a)(6)(A)(i)(I); (iii) advise Plaintiffs of the right to appeal any adverse determination not to comply with the request, as required under § 552(a)(6)(A)(i)(III)(aa); (iv) notify Plaintiffs of the determination of its appeal; or (v) produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure pursuant to § 552(b).

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

12.    Plaintiffs reallege the previous paragraphs as if fully stated herein.

13.    Defendant is in violation of FOIA.

14.    5 U.S.C. § 552(a)(6)(A)(ii) requires Defendant to make a final determination on Plaintiffs' appeal no later than twenty (20) business days from acknowledgement of the appeal. Because Defendant failed to make a final determination on Plaintiffs' request within the time limits set by FOIA, under § 552(a)(6)(C)(i) Plaintiffs are deemed to have exhausted their administrative appeal remedies.

15.    Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

16.     Plaintiffs have no adequate remedy at law.

**COUNT II**
**FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

17.     Plaintiffs reallege the previous paragraphs as if fully stated herein.

18.     Defendant is in violation of FOIA.

19.     The agency never provided an estimated date on which the agency would complete its action on the request.

**COUNT III**
**IMPROPER WITHHOLDING OF INFORMATION AND DATA**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

20.     Plaintiffs reallege the previous paragraphs as if fully stated herein.

21.     Defendant has failed to establish that it adequately applied an exemption to or adequately withheld any responsive records.

22.     Defendant is in violation of FOIA.

**COUNT IV**
**FAILURE TO ESTABLISH AN ADEQUATE SEARCH**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

23.     Plaintiffs reallege the previous paragraphs as if fully stated herein.

24.     Defendant has failed to establish that it adequately searched for responsive records, as required by 5 U.S.C. § 552 (a)(3)(C) and (D), and despite Plaintiffs' challenge to same in Plaintiffs' appeal.

25.     Defendant is in violation of FOIA.

**COUNT V**
**ENTITLEMENT TO WAIVER OF SEARCH AND DUPLICATION FEES**

26.     Plaintiffs reallege the previous paragraphs as if fully stated herein.

27.     Defendant is in violation of FOIA.

28.    Plaintiffs sought a waiver of search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II).

29.    Plaintiffs are further entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) because Defendant failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a.    Declare that Defendant's current and continued delay in processing Plaintiffs' FOIA request is unlawful under FOIA;

b.    Order Defendant to conduct searches for any and all records responsive to Plaintiffs' FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA request;

c.    Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d.    Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

e.    Maintain jurisdiction over this action pursuant to 552(a)(6)C)(i) until Defendant complies with FOIA and all orders of this Court;

f.    Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g.    Grant Plaintiffs a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h.    Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: May 29, 2025                          SIRI & GLIMSTAD LLP

                                             */s/ R. Scott Pietrowski*
                                             R. Scott Pietrowski
                                             Mississippi Bar No. 99387
                                             4780 I-55 North – Suite 100
                                             Jackson, Mississippi 39211
                                             Tel: (240) 732-6737
                                             spietrowski@sirillp.com