# Exhibit 4

# Siri | Glimstad

sirillp.com  NEW YORK | LOS ANGELES | MIAMI | PHOENIX
DETROIT | AUSTIN | CHARLOTTE | WASHINGTON D.C.

**HHS FREEDOM OF INFORMATION ACT APPEAL**

**SUBMITTED VIA ONLINE PORTAL**                                              November 20, 2024

Deputy Agency Chief FOIA Officer
Office of the Assistant Secretary for Public Affairs
U.S. Department of Health and Human Services
Hubert H. Humphrey Building
200 Independence Avenue
Suite 729H
Washington, D.C. 20201

Re:   *Appeal of FOIA Request* #2025-00461-FOIA-PHS *(IR#1166B)*

Dear Sir or Madam:

This firm represents Informed Consent Action Network ("**ICAN**"). On behalf of ICAN, on November 1, 2024, we submitted the following request for records ("**FOIA Request**") to Department of Health and Human Services ("**Agency**") pursuant to the Freedom of Information Act (5 U.S.C. § 552, as amended) ("**FOIA**"):

> The report submitted by CDC to the National Vaccine Advisory Committee ("NVAC") during the NVAC meeting that occurred on September 12-13, 2024.

(**Attachment 1**.)

The request status was updated to received and assigned FOIA Request #2025-00461-FOIA-PHS on November 1, 2024. (**Attachment 2**.)

On November 4, 2024, the Agency responded to the FOIA Request ("**Final Response**"). ICAN writes now to appeal the Final Response. The letter stated in relevant part:

> The organizational components serviced by the Office of the Secretary FOIA Requester Service Center do not routinely collect or retain the type of records in which you express interest. Therefore, we are closing our file on this request.

(**Attachment 3**.)

I.   **ADEQUACY OF SEARCH**

For the reasons set forth below, ICAN appeals the Agency's Final Response:

A.   **Legal Standard**

The Agency has failed to conduct an adequate search of the requested records. An agency's search is adequate only if it is reasonably calculated to uncover all relevant documents. *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 325 (D.C. Cir. 1999). "An agency fulfills its obligations under FOIA if it can demonstrate *beyond material doubt* that its search was reasonably calculated to uncover all relevant documents." *Defs. of Wildlife v. United States Border Patrol,* 623 F. Supp. 2d 83, 91 (D.D.C. 2009) (internal quotation marks omitted) (emphasis added). To satisfy its FOIA obligations, an agency needs to adequately describe the scope and methods of its searches, which can reasonably be expected to uncover the records sought and demonstrate that the places most likely to contain responsive materials were searched. *Davidson v. E.P.A.*, 121 F. Supp. 2d 38, 39 (D.D.C. 2000). At a minimum, the Agency must specify "what records were searched, by whom, and through what process." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994).

B.   **Application of Legal Standard**

The Agency's Final Response provided no information regarding the adequacy of its search. The Agency failed to identify what records it searched, who searched for the records, and through what process the Agency searched for the records.

The Agency's Final Response provided no information regarding the adequacy of its search. The Agency failed to identify what records it searched, who searched for the records, and through what process the Agency searched for the records. Instead, the Final Response merely states the "The organizational components serviced by the Office of the Secretary FOIA Requester Service Center do not routinely collect or retain the type of records in which you express interest. Therefore, we are closing our file on this request." (**Attachment 3**.) This suggests that the Agency did not conduct an adequate search which would have identified responsive documents to the request. Without specifying what records were searched, by whom, and through what process, ICAN cannot assume that the Agency's search was adequate to uncover all responsive documents. *Steinberg*, 23 F.3d at 552. FOIA obligates agencies to conduct searches in good faith and in a manner "reasonably calculated to uncover all relevant documents" sought through a FOIA request. *Steinberg*, 23 F.3d at 551 (internal quotation marks omitted). The lack of detail in the Agency's Final Response regarding its search suggests it likely could not demonstrate beyond material doubt that the Agency conducted a reasonably calculated search to uncover all relevant documents. *Valencia-Lucena*, 180 F.3d at 325.

For these reasons, ICAN respectfully requests the Agency to review its search methods to ensure it will meet its FOIA obligations in litigation by providing the missing documents and proving it has conducted an adequate search.

II.   **APPELLATE REQUEST**

Given the foregoing, ICAN hereby appeals and requests that the documents responsive to the FOIA Request be produced within 20 days of this appeal. Thank you for your time and attention

to this matter. If you require any additional information, please contact us at **(240) 732-6737** or through email at **foia@sirillp.com**.

                Very truly yours,

                */s/ Aaron Siri*
                Aaron Siri, Esq.
                745 Fifth Ave., Suite 500
                New York, NY 10151

Enclosures.

# Attachment 1

# Siri | Glimstad

sirillp.com | NEW YORK | LOS ANGELES | MIAMI | PHOENIX
DETROIT | AUSTIN | CHARLOTTE | WASHINGTON D.C.

**HHS FREEDOM OF INFORMATION ACT REQUEST**

**VIA ONLINE PORTAL**                                                                November 1, 2024

Department of Health and Human Services
Freedom of Information Officer
Hubert H. Humphrey Building, Room 729H
200 Independence Avenue, SW
Washington, D.C. 20201

Re:   *Report Submitted to NVAC (IR#1166B)*

Dear Sir or Madam:

This firm represents Informed Consent Action Network ("**ICAN**") and Mississippi Medical Professionals for Informed Consent ("**MMPIC**"). On behalf of ICAN and MMPIC, please provide the following records to foia@sirillp.com in electronic form:

> **The report submitted by CDC to the National Vaccine Advisory Committee ("NVAC") during the NVAC meeting that occurred on September 12-13, 2024.**

We ask that you waive any and all fees or charges pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). ICAN is a not-for-profit news media organization whose mission is to raise public awareness about vaccine safety, other medical treatments, environmental pollutants and toxins, and overall health choices, and to provide the public with information needed in order to give informed consent. As part of its mission, ICAN actively investigates and disseminates scientifically-based health information regarding the safety of vaccines, other medical treatments, environmental pollutants and toxins, and governmental activities for free through its website,[1] a weekly health news and talk show,[2] and through press events and releases. The HighWire website has approximately 3.4 million weekly visitors. On X (formerly known as Twitter), The High Wire has approximately 190,000 followers and 1 to 2.5 million impressions in a 28-day period. On Rumble, The HighWire has approximately 83,000 followers and growing. The size of ICAN's audience and subscribers continues to grow and is illustrative of the wide public interest in the subject of health and medical safety. Critical to ICAN's mission is its proven ability to find and review critical scientific and governmental records and meaningfully report about their social impacts. One of the tools ICAN uses to gather the raw material it uses in its popular investigative reporting is the Freedom of Information Act ("**FOIA**"). ICAN is seeking the information in this FOIA request to allow it to contribute to the public understanding of government programs and any potential effects of same

---

[1] https://www.icandecide.org/.

[2] https://thehighwire.com/.

on public health. The information ICAN is requesting will not contribute to any commercial activities. Therefore, ICAN should be properly categorized as a media requester, and it is entitled to the search and processing privileges associated with such a category designation. Accordingly, ICAN will be forced to challenge any agency decision that categorizes it as any other category of requester.

MMPIC is a not-for profit organization comprised of medical professionals throughout the state of Mississippi. MMPIC's mission is to raise public awareness about vaccine safety, other medical treatments, and overall health choices, and to provide the public with information needed in order to give informed consent. MMPIC is seeking the information in this FOIA request to allow it to contribute to the public understanding of government programs and actions and any potential effects of those programs and actions on public health. The information MMPIC is requesting will not contribute to any commercial activities.

Please note that the FOIA provides that if only portions of a requested file are exempted from release, the remainder must still be released. We therefore request that we be provided with all non-exempt portions which are reasonably segregable. We further request that you describe any deleted or withheld material in detail and specify the statutory basis for the denial as well as your reasons for believing that the alleged statutory justification applies. Please also separately state your reasons for not invoking your discretionary powers to release the requested documents in the public interest. Such statements may help to avoid unnecessary appeal and litigation. ICAN and MMPIC reserve all rights to appeal the withholding or deletion of any information.

Access to the requested records should be granted within twenty (20) business days from the date of your receipt of this letter. Failure to respond in a timely manner shall be viewed as a denial of this request and ICAN and MMPIC may immediately take further administrative or legal action.

Furthermore, we specifically request that the agency provide us with an estimated date of completion for this request.

If you would like to discuss our request or any issues raised in this letter, please feel free to contact us at (240) 732-6737 or foia@sirillp.com during normal business hours. Thank you for your time and attention to this matter.

    Sincerely,

    */s/ Aaron Siri*
    Aaron Siri, Esq.
    745 Fifth Ave., Suite 500
    New York, NY 10151
    foia@sirillp.com
    (240) 732-6737

# Attachment 2

# Britney Long

| | |
|---|---|
| **From:** | foiarequest@hhs.gov |
| **Sent:** | Friday, November 1, 2024 2:04 PM |
| **To:** | S&G Information Request Staff |
| **Subject:** | Status Update for Request #2025-00461-FOIA-PHS |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Aaron Siri,

The status of your FOIA request #2025-00461-FOIA-PHS has been updated to the following status 'Received'. To log into the HHS FOIA Submission Site click on the Application URL below.

https://requests.publiclink.hhs.gov

Sincerely,
U.S. Department of Health & Human Services

# Attachment 3



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary
Washington, D.C. 20201

**HHS Case No. 2025-00461-FOIA-PHS**

**November 4, 2024**

*Sent via email:*
Aaron Siri
Siri & Glimstad LLP
745 Fifth Ave.Suite 500
New York, NY, 10151
foia@sirillp.com

Dear Mr. Siri:

This is in response to your Freedom of Information Act (FOIA) request, dated: November 1, 2024, concerning *"[IR#1166B] The report submitted by CDC to the National Vaccine Advisory Committee ("NVAC") during the NVAC meeting that occurred on September 12-13, 2024.."* We received your request on November 1, 2024.

The organizational components serviced by the Office of the Secretary FOIA Requester Service Center do not routinely collect or retain the type of records in which you express interest. Therefore, we are closing our file on this request.

Your request has been referred to the Centers for Disease Control and Prevention (CDC) for direct response to you. Upon receipt, CDC will log your request, and issue you a new tracking number for your reference. You may contact their FOIA office at: foiarequests@cdc.gov.

If you are not satisfied with any aspect of the processing and handling of this request, you have the right to seek dispute resolution services from:

        HHS FOIA/PA Public Liaison
        FOI/Privacy Acts Division
        Assistant Secretary for Public Affairs (ASPA)
        Office of the Secretary (OS)
        U.S. Department of Health and Human Services (HHS)
        200 Independence Avenue, SW, Suite 729H
        Washington, DC 20201

        Telephone:  (202) 690-7453
        Fax: (202) 690-8320
        E-mail: HHS_FOIA_Public_Liaison@hhs.gov

and/or:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road – OGIS
College Park, MD 20740-6001

Telephone: 202-741-5770
Toll-Free: 1-877-684-6448
E-mail: ogis@nara.gov
Fax: 202-741-5769

There are no charges in this instance because the billable costs are less than our threshold of $25.

Sincerely yours,

`Natasha Taylor for`

Arianne Perkins
Director, Initial FOIA Requests
FOI/Privacy Acts Division